Hon. ROBERT RYAN,
Hon. JOHN M. RAGAN, } Commissioners.
Hon. FRANK IRVINE,

---

DAVID M. STUART, APPELLEE, v. GEORGE W. HERVEY, APPELLANT, IMPLEADED WITH CARLOS S. HAYES ET AL., APPELLEES.

FILED JANUARY 3, 1893.   No. 4862.

1. **Deeds:** PROOF OF DELIVERY. *Held,* That the proof fails to show a delivery of the deed or any equitable right to charge the defendant Hayes with the payment of the notes in question.

2. ——— : ——— : LIABILITY OF GRANTEE FOR MORTGAGE DEBT. Where by the terms of a deed a grantee assumes a debt secured by a mortgage on the land and the grantee denies the debt and the delivery of the deed, to bind such grantee the proof must show an actual delivery, from which, if he retains the deed, an acceptance may be presumed. Very clear proof will be required where the property conveyed is of much less value than the incumbrance which it is alleged the grantee assumed.

4                (1)

APPEAL from the district court of Douglas county. Heard below before WAKELEY, J.

*McCoy & Olmsted*, for appellant.

*Holmes & Hays*, for appellee Carlos S. Hayes.

*Williams & Williams*, for appellee Norman A. Kuhn.

*E. E. Clippinger*, for appellee David M. Stuart.

MAXWELL, CH. J.

This action was brought in the district court of Douglas county to foreclose a mortgage executed by the defendant Hervey, upon lots 2 and 6, in block 1, in South Exchange Place, in South Omaha. The mortgage was given to secure four notes, each for the sum of $200. At the time of trial three of these notes were owned by the plaintiff and one by Norman Kuhn. It is alleged in the petition that Hervey sold these lots to Hayes and that in the conveyance he assumed the payment of the notes. This Hayes in his answer denies, but alleges that he had no knowledge of the execution of the deed until long after its date; that the deed was never delivered to nor accepted by him; that it was not recorded, and the defendant never has and does not now claim any right or title thereunder. The court below rendered a decree of foreclosure against Hervey, but dismissed the action as to Hayes, on the ground that the proof failed to show a delivery of the deed.

The testimony tends to show that in May, 1888, Hayes was the owner of one-half of Hayes' addition to Norfolk; that Wilson & Miller, a firm of dealers in real estate, had a half interest in said addition, although the title was in Hayes; that Wilson & Miller sold the lot in said addition to one Brady, and received therefor $25 in cash and a tract of land in Dakota. This deed, for some cause, was not

recorded.   Wilson & Miller exchanged the Dakota land for the lots in question and assumed for Hayes the payment of said notes.   Hayes claims that he had no knowledge of this transfer, and denies that Wilson & Miller had any authority to make the exchange as above stated.   The proof in this case fails to show such authority.   It also fails to show a delivery of the deed.   In a case of this kind, where the grantee assumes a debt against the land conveyed, the proof must clearly show an actual delivery of the deed to the grantee; and particularly is this true where the property conveyed seems to be of much less value than the incumbrance.   If a deed is duly delivered and retained by the grantee an acceptance may be presumed. In the case at bar the proof fails to show a delivery, hence there could be no acceptance, and fails to show any equitable grounds on which to base a recovery against Hayes. The judgment is right and is;

AFFIRMED.

THE other judges concur.