THE RUTLAND SAVINGS BANK v. RICHARD WHITE *et al.*
No. 128.

MORTGAGE — *Assumption by Vendee.* Where W. mortgaged certain lands to S., and afterward W. and wife executed a deed conveying said lands to D., and there is a covenant in the deed that the premises conveyed are free and clear from all incumbrances, except a mortgage of $1,500, which is assumed by the party of the second part, and in an action to foreclose the mortgage a personal judgment is sought against D. for the mortgage debt, and D. answers that he did not in any manner ever assume the mortgage indebtedness, and there is no evidence that he ever accepted the deed, or in any manner assumed the mortgage debt, *held*, that the court did not err in holding that he was not liable for the payment of the mortgage indebtedness.

MEMORANDUM. — Error from Greenwood district court; C. A. LELAND, judge. Action by The Rutland Savings Bank against Richard White and others to foreclose a mortgage, and for a personal judgment against the grantee of the mortgagors. Judgment for plaintiff for foreclosure only. Plaintiff brings the case to this court. Affirmed. The opinion herein, filed September 5, 1896, states the material facts.

*Fuller & Whitcomb*, for plaintiff in error.

*Jones & Shultz*, and *Hodgson & Hodgson*, for defendants in error.

The opinion of the court was delivered by

JOHNSON, P. J. : This suit was commenced by the Rutland Savings Bank against Richard White, Julia White and J. W. Duncan to foreclose a mortgage given by Richard White and Julia White to E. M. Shelden, on the southwest quarter and northwest quarter of the southwest quarter of section 2, also the northwest quarter of the southeast quarter of section 3, all in township 27, range 9, in Greenwood county, Kansas, and for a personal judgment against J. W.

Duncan, the grantee of Richard White and Julia White, for the reason that, in the deed of conveyance to him, he assumed and agreed to pay off said mortgage indebtedness.

The note and mortgage given to E. M. Shelden was by him duly sold and assigned to the Rutland Savings Bank. The Kansas Loan and Trust Company, James Shultz and E. C. Shultz were made parties defendant by order of the court. Duncan answered the petition of the plaintiff below and denied generally each and every allegation thereof, and specifically denied that he ever in any manner promised or agreed to assume or pay said mortgage indebtedness, as set out in the petition of plaintiff below. Afterward H. Bancroft was made a party defendant by order of the court, and voluntarily appeared and filed his answer, setting up that he was a tenant of the owners of the land and in possession, and had paid the rents to the landlord, and asking to have his rights in the crops growing on the land protected.

The case was afterward tried on the issues joined between the parties, by the court without a jury, and resulted in a decree of foreclosure of the mortgage and for an order for the sale of the mortgaged premises to satisfy said indebtedness. The plaintiff below filed a motion to set aside and vacate the findings and decision of the court and for a new trial, which was overruled, and judgment of the court excepted to, and for good cause plaintiff was given 60 days' time to make and serve a case for the supreme court. The case was made and settled and duly filed in the supreme court, and certified to this court for review.

The only error complained of in the brief of plaintiff in error is, that on the trial of the case J. W. Duncan claimed that he assumed and agreed to pay the

mortgage, not the note, and therefore he was not liable. In the answer of Duncan he denies that he ever in any manner promised or agreed to assume or pay said mortgage indebtedness set out in the petition of the plaintiff. We find no reply to this answer in the records, and do not think that any reply was necessary, for the petition alleged that he assumed the payment of the mortgage and his answer denies that allegation. None of the evidence on the trial of the case is preserved in the record. We are unable to determine whether he ever assumed the payment of the mortgage or not. It is true that a copy of the deed from Richard White and Julia White conveying certain lands to J. W. Duncan contains a covenant that they are lawfully seized of the premises conveyed; that said premises are free and clear from all incumbrances except a certain mortgage of $1,500, which is assumed by the party of the second part. This deed was executed by Richard White and Julia White, but there is no evidence that it was ever accepted by J. W. Duncan, or that the mortgage referred to in the petition of the plaintiff below was the same mortgage referred to in the deed. Duncan would not be liable to pay the mortgage indebtedness unless he accepted the deed. By his general denial he put the question of his promise and agreement in issue, and it cast the burden of proof upon the plaintiff to prove the assumption by Duncan of the mortgage debt. Unless he accepted the deed with the conditions written therein, there would be no assumption or promise on his part to pay the mortgage debt.

The record not containing any of the evidence, we are unable to determine whether the court erred in rendering the judgment it did. There being no error apparent in the record, the judgment of the district court is affirmed.

All the Judges concurring.