## Robert Hare v. E. W. Murphy.

Filed April 4, 1900. No. 9,213.

1. **Registry Law.** The purpose of the registry law is to furnish record. evidence of the state and condition of land titles.

2. ———: **Personal Contracts to Pay Debts.** There is no law requiring or authorizing the registration of personal contracts to pay debts.

3. ———: ———: **Lien: Faith of Record.** An agreement to pay a debt, although evidenced by a recorded instrument, is not conclusive in favor of a party who, in purchasing a lien against property, has acted on the faith of the record.

4. **Deed: Assumption Clause: Grantee: Estoppel.** The grantee in a deed containing an assumption clause, is not estopped from denying the validity of the contract of assumption as against a party who, relying on the recitals in the instrument as spread upon the public records, purchased the debt secured by a mortgage on the land.

Error to the district court for Lincoln county. Tried below before Norris, J. *Affirmed.*

*F. S. Howell,* for plaintiff in error:

Where one of two innocent parties must suffer a loss by the fraud of another, the loss must fall upon the one whose acts had furnished the means for the commission of the fraud. *Dinsmore v. Stimbert,* 12 Nebr., 438.

A deed found on record, such as the one in suit, is presumptive evidence of the liability of the grantee therein named. *Heil v. Redden,* 26 Pac. Rep. [Kan.], 2; *Belmont v. Coman,* 22 N. Y., 438, 78 Am. Dec., 213; *Bowman v. Griffith,* 35 Nebr., 361; 3 Devlin, Deeds, sec. 1056.

The delivery of the deed in the presence of Murphy and Schuster to Callender, was a delivery of the deed, for by such act Schuster was at least deprived of the further control over said deed. The title passed then and there. *Adams v. Ryan,* 17 N. W. Rep. [Ia.], 159.

The acceptance of the deed by defendant through Callender, his agent, makes a valid acceptance of the deed

and binds him to the performance of the contents. Jones, Mortgages, sec. 752; *Bishop v. Douglass*, 25 Wis., 696; *Taylor v. Whitmore*, 35 Mich., 97; *Fairchild v. Lynch*, 10 Jones & Sp. [N. Y.], 265.

The plaintiff was an innocent purchaser of the mortgage and notes, as found by the court, and as such will be protected. *Hayden v. Snow*, 9 Biss. [U. S. C.], 511; Jones, Mortgages, sec. 764; *New Orleans Canal & Banking Co. v. Montgomery*, 95 U. S., 16; *Carpenter v. Longan*, 16 Wall., 271; *Kilmer v. Smith*, 77 N. Y., 226; *Hayden v. Drury*, 3 Fed. Rep., 782; *Pierce v. Faunce*, 47 Me., 507.

*Wilcox & Halligan* and *Thomas C. Patterson, contra:*

A grantee is not liable on a covenant to assume and pay a mortgage, if inserted in the deed without his knowledge and he repudiates it as soon as he knows of its existence. *Cordts v. Hargrave*, 29 N. J. Eq., 446; *Kilmer v. Smith*, 77 N. Y., 226; *Albany City Savings Institution v. Burdick*, 87 N. Y., 40; *DeyErmand v. Chamberlain*, 88 N. Y., 658; Jones, Mortgages, sec. 752.

SULLIVAN, J.

When this case was here before, a judgment in favor of Murphy, the defendant below, was reversed and the cause remanded for further proceedings. *Hare v. Murphy*, 45 Nebr., 809. The opinion then filed contains a detailed account of the transactions out of which the litigation arose. At this time it will suffice to say that the plaintiff, Robert W. Hare, being the assignee and owner of a real estate mortgage, filed in the district court of Lincoln county his petition, in which he alleged that Murphy had purchased the premises covered by the mortgage and, in the deed of conveyance, had assumed and agreed to pay the mortgage debt. This allegation was denied by the answer. The cause was tried to a jury and resulted in a verdict and judgment in favor of the defendant. It appears from the evidence that the defendant had bar-

Hare v. Murphy.

gained for the mortgaged premises and had in fact delivered to Schuster, the owner, some stock which was the agreed consideration for the transfer. At the same time, Schuster made out a deed and handed it to one Callender, who caused it to be recorded and afterwards delivered it to Murphy. When Murphy received the deed, he discovered the assumption clause upon which this action is grounded and, thereupon, returned the instrument to Callender and notified him that it would not be accepted. The conveyance was not again tendered to the defendant, and he did not at any time take possession of the land which it assumed to convey. The plaintiff claims to have bought the mortgage in question, and the obligation secured thereby, on the faith of the contract of assumption which he found spread upon the public records of the county in which the land is situate. He now contends: (1) that the deed was actually delivered and accepted and became a binding contract between the parties thereto; and (2) that the defendant, by reason of his failure to expunge the record of the conveyance, is not now permitted, as against the plaintiff, to deny the validity of the assumption clause. We will briefly consider these propositions.

The deed delivered did not express the agreement of the parties and Murphy was, therefore, warranted in refusing to accept it. If Callender was acting for Schuster, which seems probable, the return of the conveyance to the former was, beyond all doubt, an effective repudiation of the attempted transfer. There was certainly sufficient evidence to justify the jury in finding as they did, that, as between Schuster and Murphy, the deed, although recorded, was without force or legal efficacy. As the rights of Hare are derivative and depend altogether on the transaction between Schuster and Murphy, it is quite clear that there can be no recovery in this case unless Murphy is, by the doctrine of estoppel, precluded from showing that the assumption clause is void because the deed was never vitalized by delivery and acceptance.

The records of Logan county, it is true, evidence the fact that the defendant has agreed to pay the mortgage debt, but such evidence is not indisputable. The purpose of the registry law is to furnish record evidence of the state and condition of land titles. One dealing with land may rely upon those records and act on the information which they give. There is, however, no law requiring, or authorizing, registration of mere personal contracts to pay debts, and no rule making record evidence of such contract exclusive in favor of a party who has acted on it. A grantee's contract to pay a charge against the real estate conveyed to him, is, in its nature, precisely the same whether it be inserted in the deed of conveyance or rest in parol. In either case it binds the grantee personally, and does not create any right or interest in the land. It is not within the purview of the registry act, and, existing as a separate contract, could not go upon the records, even though witnessed and acknowledged. Hare was no more justified in relying on the record of the deed as evidence of Murphy's liability than he would have been if the agreement in some other form had been exhibited to him by Schuster. According to the finding of the jury, the defendant did not agree to pay the mortgage debt, and hence the judgment of the district court is right and should be

AFFIRMED.