### 10674

### SUMTER TRUST CO. v. MOSES *ET AL.*

#### (107 S. E. 918)

1. PRINCIPAL AND AGENT—AGENT CANNOT REPRESENT BOTH PARTIES.—An agent cannot represent both seller and purchaser, and, on discovering that he so attempted, either party may repudiate the transaction and ask that the status quo be restored; consequently, where the agent of the vendor concealed from the purchaser that he was representing the vendor, and induced the purchaser to enter into a very disadvantageous bargain, the purchaser relying on his good faith, the purchaser may repudiate her purchase, and not only recover back the amounts paid, but be released from assumption of the payment of mortgages.

2. MORTAGAGES—PAYMENT OF INTEREST HELD NOT A RATIFICATION OF ASSUMPTION OF MORTGAGES.—Where defendant, who purchased land in ignorance that her agent was also agent for the vendor, was induced by the agent, who had inveigled her into making a very disadvantageous bargain, to pay interest on mortgages which the conveyances provided she should assume, although she did not know that fact, such payment of interest was not a ratification of the contract, the purchaser not then knowing of the fraud practiced upon her, and hence she may thereafter repudiate and escape liability on assumption of mortgages.

Before TOWNSEND, J., Richland, June, 1920. Affirmed.

Action for foreclosure begun by Clarence Richards, in which Sumter Trust Co. was substituted as plaintiff against Perry Moses, Jr., W. G. Moses, H. J. Harby, Lowry S. Covin and Lillie V. Padgett. Judgment for defendant, Lillie V. Padgett, and plaintiff and other defendants appeal.

The decree of the trial Court is as follows:

This action was commenced the 12th day of April, 1915, by Clarence Richards, against the above named defendants, other than H. J. Harby, who was made a party in May, 1915, to foreclose a second mortgage on the lot in the city of Columbia, described in the complaint, given by the defendants, Perry Moses, Jr., W. G. Moses, W. T. Rowland, and Horace V. Wells, on the 16th day of June, 1913, to Oscar E. Thomas and Halcott B. Thomas, conditioned for the payment of $800 two years thereafter, with interest thereon from date at the rate of 6 per cent. per annum, payable semi-annually, which had been assigned by the mortgagees to Clarence Richards, and was by the latter assigned during the pendency of this action to the Sumter Trust Company, who has been substituted as plaintiff in the place of Clarence Richards, subject to the lien of a prior first mortgage thereon, which had been given by O. E. Thomas and H. B. Thomas to A. Mason Gibbes for $4,500.

Lowry S. Covin and Lilly V. Padgett were made parties defendant, as claiming some subsequent interest in the lot, and as having assumed obligations to pay said mortgage indebtedness. The defendant H. J. Harby intervened, and was made a party defendant, as assignee of H. V. Wells and W. T. Rowland, holding the interest formerly held by them in a third mortgage on said lot, given by Lowry S. Covin to said H. V. Wells, W. T. Rowland, Perry Moses, Jr., and W. G. Moses, for $1,387.50, due three years after date, July 19, 1913, with interest thereon at the rate of 6 per cent. per annum, payable semi-annually.

Perry Moses, Jr., W. G. Moses, and H. J. Harby answered and set up a claim under said last-mentioned third mortgage. It is admitted that there is due to the Sumter Trust Company on said second mortgage the sum of $800

with interest thereon at the rate of 6 per cent. per annum, payable semi-annually, from June 16, 1914. It is also admitted that there is due to H. J. Harby, Perry Moses, Jr., and W. G. Moses on said third mortgage the sum of $1,-387.50, with interest thereon from January 1, 1915, at the rate of 6 per cent. per annum, payable semi-annually, and in the following proportions: To H. J. Harby, one-half thereof, and to Perry Moses, Jr., and W. G. Moses, each one-fourth thereof.

The defendant Lowry S. Covin answered and set up that on the 20th of August, 1913, he, through W. A. Keenan and E. T. Cato, who did business under the firm name of the Keenan Real Estate Agency, as his agents to sell, sold the lot in question, to the defendant Lilly V. Padgett, who paid him $2,000 cash, and gave him a fourth mortgage thereon for $748.44, and assumed the obligation to pay all the other and prior mortgage indebtedness on said lot, and that he had transferred said fourth mortgage to W. W. Arthur, and has no further interest in the matter.

W. W. Arthur answered, and claims the moneys due under this fourth mortgage against both Mrs. Lilly V. Padgett and Lowry S. Covin.

The defendant Lilly V. Padgett answered and sets up: That some time in 1913 said Walter A. Keenan and Edward T. Cato, doing business as the Keenan Real Estate Agency, approached her and induced her to sell a tract of farm land in Richland County at $40 per acre, in order to allow them to reinvest the proceeds of sale for her in city property; that she, relying on them as her agent, was induced to sell said farm lands, and to give to said Keenan and Cato, as her agents, $2,000, the cash proceeds of said sale, to so reinvest for her, and they reinvested it in purchasing the city lot mentioned in the complaint from Covin; that she did not know at the time of such investment that Keenan and Cato represented Covin as agent in selling to

her said city lot, but afterwards ascertained such fact; that she was inexperienced in business matters, and did not know that she assumed or became bound to pay said mortgage indebtedness, or anything more than the cash payment of $2,000, and was misled into making the purchase by the fraudulent misrepresentaations of said agents in regard to said lot, and tendered a reconveyance of the lot to Covin; and denied the other material allegations of the complaint.

The issues arising on Mrs. Padgett's answer are the contested issues on the trial before me. I find from the evidence that when Covin bought the lot in question, July 19, 1913, he made Keenan and Cato his agents to sell the same, promising to pay them commissions for so doing. Cato then visited Mrs. Padgett, who was a widow, living on a farm in the country eight miles from Columbia, and inexperienced in trading, or other transactions in real estate, and ignorant of values of said property, having never owned a piece of property in a city or town, and induced her, by plausible representations as to the profits to be made by selling her farm and allowing his firm, the Keenan Real Estate Agency, to reinvest the proceeds of sale in city real estate, to place in the hands of said real estate agency, to sell for her, her tract of 117 acres in the country, at $40 per acre, and give them the cash proceeds to reinvest for her in city property.

Cato then represented her in making the contract for and in buying for her from Covin the said lot mentioned in the complaint, and took charge of the deed, which was delivered to her by Mr. Covin's attorney in closing the transaction. This deed was never read to her, nor was it, or the contract preceding it, explained to her so as to let her understand the obligations assumed.

In closing the trade and signing the bond and mortgage given Covin, Mrs. Padgett relied entirely upon Cato and his

29—s. c. 116

associates in the Keenan Real Estate Agency to advise her and to protect her interest, she having no independent advice, and expressly stating at said time that she was relying upon them. It does not appear that she then knew that they represented Covin, the seller, or were interested other than as her agents in closing the transaction, nor that they were getting commissions from Covin as well as from her. The price which Mrs. Padgett was to pay under the contract with Covin was two or three times the real or actual value of the said lot. When the mortgagees called on her for interest on the outstanding mortgages, she was induced by Keenan and Cato to pay one or two installments, but, on discovering how they had misled her into buying the property, and the circumstances attending the purchase, she protested, and repudiated her liability under the alleged contract.

I hold as matter of law:

The law will not permit an agent, without the knowledge or assent of his principal, to occupy a position in which he will be tempted not to do the best he may for the principal. He cannot, without the consent and acquiescence of both parties, represent both buyer and seller in the same transaction; and on discovering that the agent undertook to represent conflicting interests either party to the transaction may repudiate it, and ask that the status quo be restored. *McCallum v. Grier,* 86 S. C. 167, 168; 68 S. E. 466; 138 Am. St. Rep. 1037; *Michoud v. Girod,* 4 How. 503, 505, 11 L. Ed. 1076; *Robertson v. Chapman,* 152 U. S. 673, 681, 14 Sup. Ct. 741, 38 L. Ed. 592; *United States v. Carter,* 217 U. S. 309, 30 Sup. Ct. 515, 54 L. Ed. 769, 19 Ann. Cas. 594; 21 R. C. L. 827; *Cauthen v. Ins. Co..* 80 S. C. 268, 61 S. E. 428.

Her payment of the installments of interest was not a ratification of the contract, as she was not then advised of the fraud attending the transaction and her right to repudiate and avoid the same.

It is therefore ordered, adjudged, and decreed:

1. That the deed of conveyance heretofore made by the defendant Lowry S. Covin to the defendant Lilly V. Padgett for the premises mentioned and described in the complaint dated October 20, 1913, and recorded in the office of the Clerk of Court of Common Pleas for Richland County in Deed Book "BH," p. 485, be and the same is hereby cancelled, set aside, and declared to be null and void; and the title is vested in Lowry S. Covin just as it stood prior to said conveyance. And the clerk of this Court is hereby authorized and directed to enter on the face of the record of said deed of conveyance, "Cancelled by decree of Court, dated June 8, 1920, in the case of *Sumter Trust Company, assignee of Clarence Richards,* plaintiff, *v. P. Moses, Jr., W. G. Moses, W. T. Rowland, H. V. Wells, Lowry S. Covin, Lilly V. Padgett, and H. J. Harby,* defendants. See Judgment Roll ———."

2. That the bond given by Lilly V. Padgett to said Lowry S. Covin, bearing date October 21, 1913, and secured by a mortgage of the same date, which mortgage is recorded on October 22, 1913, in Book CG of Mortgages, p. 243, be and they are hereby cancelled and declared null and void, and the clerk of this Court is hereby authorized and directed to enter upon the face of the record of said mortgage the following: "Cancelled by decree of Court, dated June 8th, 1920, in the case of *Sumter Trust Company, Assignee of Clarence Richards,* plaintiff, *v. P. Moses, Jr., W. G. Moses, W. T. Rowland, H. V. Wells, Lowry S. Covin, Lilly V. Padgett, and H. J. Harby,* defendants. See Judgment Roll ———."

3.   That the defendant Lilly V. Padgett have and recover of the defendant Lowry S. Covin judgment for the sum of $2,000, together with interest thereon from April 29, 1915, at the rate of 7 per cent. to this date, June 8, 1920, amounting to $2,715.

4.   That the plaintiff herein, Sumter Trust Company, have judgment against the defendants, Perry Moses, Jr., W. G. Moses, W. T. Rowland, and H. V. Wells, for the sum of $800, together with interest thereon at the rate of 6 per cent. per annum, calculated semi-annually from June 16, 1914, to this date, June 8, 1920, amounting to $1,141.93 together with $114 attorney's fee, making total amount $1,-255.93. . And this judgment is declared to be a lien on the premises hereinafter mentioned and described, subject only to the lien of the first mortgage to A. Mason Gibbes, which is not being foreclosed herein.

5.   That the defendants H. J. Harby, Perry Moses, Jr., and W. G. Moses have judgment against the defendant, Lowry S. Covin, for the sum of $1,387.50, together with interest thereon from January 1, 1915, at the rate of 6 per cent. per annum, payable semi-annually to this date, June 8, 1920, amounting to $1,919, together with $191 attorney's fee, making total amount $2,110; and that of said judgment the defendant, H. J. Harby, is entitled to one-half interest therein, and the defendants Perry Moses, Jr., and W. G. Moses are each entitled to one-fourth interest therein; and the judgment herein mentioned is declared to be a lien on the premises hereinbelow mentioned  and  described, second and junior to the lien of the judgment in favor of Sumter Trust Company above mentioned, and subject to the said judgment, as also subject to the lien of the first mortgage to A. Mason Gibbes, which is not being foreclosed herein.

6.   That unless said debts and judgments are paid on or before the 1st day of July, A. D. 1920, all the equities

and rights of the defendants in and to the premises mentioned and described in the pleadings and complaint herein be barred and foreclosed, and the said premises be sold at public auction to the highest bidder, at the Court House door in the County of Richland, State of South Carolina, on the first Monday in July, 1920, or some subsequent and convenient sales day thereafter, after due advertisement according to law, and subject to the first mortgage thereon held by A. Mason Gibbes, on terms one-third cash; the balance in one and two years' time, secured by a mortgage on the premises sold, deferred payments bearing interest at the rate of 7 per, cent. per annum, interest payable semi-annually, with the privilege to the purchaser of paying more than one-third, or all cash, at his option.

7. That upon such sale the purchaser be let into possession of the premises sold, and all rights, interests, and equities of all the parties hereto, in and to said premises, or of any interest therein, be and the same are hereby barred and foreclosed.

8. That the master pay and apply the proceeds of such sale as follows: First, to the payment of any unpaid taxes on said premises; second, to the payment of the costs and charges of said sale and of this action; third, to the payment of the indebtedness and judgment due to the plaintiff, Sumter Trust Comapny; fourth, to the payment of the judgment and indebtedness due to the defendants, H. J. Harby, Perry Moses, Jr., W. G. Moses, in proportion to their interest in the judgment above mentioned and referred to; fifth, any balance of proceeds arising from said sale be paid and applied on the debt and judgment of Lowry S. Covin to Lilly V. Padgett, above mentioned, and the surplus, if any, be paid to the defendant Lowry S. Covin.

*Mr. Robt. Moorman,* for Sumter Trust Co., *Perry Moses, Jr., W. G. Moses and H. J. Harby,* appellants, cite: *No naked presumption of agency:* 3 Brev. 475.

*Presumption that agent has done his duty until contrary appears*: 31 Cyc. 1640. *Necessary elements of appointment as agent*: 2 C. J. 434. *Dual agency void only when fact was not known to both parties*: 84 S. E. 597. *For principal to be liable for fraud of agent he must have had notice of intention to defraud*: 50 S. C. 259. *Covin not responsible for faulty management of agents after agency for him had terminated*: 47 C. J. 482. *Second employer, with knowledge, guilty of wrong to first employer*: 21 R. C. L. 828.

*Messrs. E. A. Blackwell and Moffat & Marion,* for appellant, *Lowry S. Covin,* cite: *Acts of agency ratified*: 21 R. C. L. 827. *Insufficient showing to warant recission of contract*: 69 S. C. 87; 2 Strob. Eq. 153; 49 Am. Dec. 664; 9 S. C. 35; 85 S. E. 589; 92 S. C. 478; 93 S. E. 390; 50 S. C. 397; 62 S. C. 42; 68 S. C. 108; 88 S. C. 156. *Cannot set up fact that property sold for more than it was reasonably worth*: 93 S. E. 390.

*Mesrs. Jno. Hughes Cooper and D. W. Robinson,* for respondent, cite: *Dual Agency*: 86 S. C. 168; 114 S. C. 171, 103 S. E. 513; 217 U. S. 339; 54 L. Ed. 777; 1 Mechem Agency (2nd Ed.) 1206; 2 Id. Secs. 2138-9; 60 S. C. 558; 76 S. E. 797 (W. Va.); 14 N. Y. 91; 2 Pom. Eq. (4th Ed.) Sec. 959. *Different where middleman only brings parties together;* 99 S. E. 684 (Va.); 1 Mechem Agency Sec. 1592; 2 Id. Sec. 2475. *Law requires utmost good faith where there is relationship of trust and confidence*: 2 Pom. Eq. Jur. (4th Ed.) Secs. 951, 956, 958; 61 S. C. 504-6; 110 S. C. 412; 1 Bail. 96; 57 S. C. 419. *Superior knowledge of agent, not communicated to principals*: 50 S. C. 401; 68 S. C. 109; 88 S. C. 156; 108 S. C. 59-60; 62 S. C. 45-6; 91 N. Y. Supp. 920. *Principal cannot reap benefit and attack authority of agent by whom made*: 105 S. C. 311; 77 S. C. 549; 65 S. C. 75; 78 S. E.

1064-5 (Ga.); 72 S. E. 822 (N. C.); 84 S. E. 939 (W. Va.); 2 Pom. Eq. Sec. 909. *No ratification after full knowledge*: 111 S. C. 43; 91 N. Y. Supp. 920.

June 30, 1921.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Foreclosure proceedings, involving principally the rights and obligations of a purchaser at private sale of the mortgaged premises after three mortgages had been placed upon it. The property consists of a house and lot in the city of Columbia. In the complicated transactions preceding this litigation it first appears as the property of the defendants Perry Moses, Jr., and W. G. Moses, and of two other persons not parties to this action, W. T. Rowland and H. V. Wells.

Prior to June 16, 1913, the date not being stated in the appeal record, Perry Moses, Jr., W. G. Moses, W. T. Rowland, and H. V. Wells executed a bond and mortgage upon the house and lot in favor of A. M. Gibbes, for $4,500. The details of this transaction are not disclosed in the record, as the mortgagee A. M. Gibbes is not a party to this action, and all proceedings have been had subject to this mortgage.

On June 16, 1913, the same parties, Perry Moses, Jr., W. G. Moses, W. T. Rowland, and H. V. Wells executed a note and mortgage upon said premises in favor of O. E. Thomas and H. B. Thomas, for $800, payable two years thereafter, with interest from date at 6 per cent., payable semi-annually.

On July 18, 1913, Perry Moses, Jr., and the other parties named above conveyed said premises to the defendant L. S. Covin, subject to the two mortgages above mentioned, the Gibbes mortgage of $4,500 and the Thomas mortgage of $800, and received from L. S. Covin his note and mort-

gage upon said premises for $1,387.50, due three years after date, with interest from date at 6 per cent., payable semi-annually.

On October 20, 1913, L. S. Covin conveyed said premises to the defendant Lillie V. Padgett, the consideration being a cash payment of $2,000, her note and mortgage upon said premises for $748.44, and the assumption by her of the three mortgages above mentioned, the Gibbes mortgage of $4,500, the Thomas mortgage of $800, and the Covin mortgage of $1,387.50, which, together with the mortgage executed by her, $748.44, and the $2,000 cash payment, aggregated $9,435.94; the $748.44 mortgage was subsequently assigned by Covin to the defendant, W. W. Arthur.

On December 15, 1913, O. E. Thomas and H. B. Thomas assigned to one Clarence Richards the note and mortgage for $800 above referred to, which had been executed to him by Perry Moses, Jr., and the parties named. After the date of the mortgage from L. S. Covin to Perry Moses, Jr., and others for $1,387.50, and before the commencement of this action, two of the mortgagees, W. T. Rowland and H. V. Wells, assigned their interests in said mortgage, the same being one-fourth each, to the defendant, H. J. Harby, and thereupon the interest of the several parties therein were: H. J. Harby, one-half, Perry Moses, Jr., one-fourth, and W. G. Moses, one-fourth.

On April 12, 1915, this action was instituted by Clarence Richards, the assignee of the Thomas mortgage of $800, for the foreclosure of the same. The parties defendant were Perry Moses, Jr., W. G. Moses, H. J. Harby, L. S. Covin, and Lillie V. Padgett. During the pendency of the action the plaintiff Clarence Richards assigned the note and mortgage upon which suit was brought to Sumter Trust Company, which was substituted as plaintiff for Clarence Richards. In said action A. M. Gibbes, the holder of the first mortgage for $4,500, was not made a party defendant,

and it was not sought to secure a foreclosure of his mortgage in this proceeding. The several interests of the parties may be summarized thus:

(1) The plaintiff Sumter Trust Company: The assignee of the $800 mortgage given by Perry Moses, Jr., W. G. Moses, W. T. Rowland, and H. V. Wells to O. E. Thomas and H. B. Thomas, assigned to Clarence Richards, and by him to Sumter Trust Company; the second mortgage in point of priority.

(2) The defendants Perry Moses, Jr., W. G. Moses, and H. J. Harby: Perry Moses, Jr., and W. G. Moses, two of the mortgagees in the mortgage for $1,387.50 given by L. S. Covin to Perry Moses, Jr., W. G. Moses, W. T. Rowland, and H. V. Wells, each owning one-fourth interest; H. J. Harby, the assignee of the interest of W. T. Rowland and H. V. Wells; one-fourth interest each, giving him one-half interest in said mortgage; the third mortgage in point of priority.

(3) The defendant W. W. Arthur: The assignee of the $748.44 executed by Lillie V. Padgett to L. S. Covin; the fourth mortgage in point of priority.

(4) Lillie V. Padgett: The owner to the fee-simple title to the lot, incumbered by the Gibbes mortgage of $4,500, the Thomas mortgage of $800, the Covin mortgage of $1,387.50, and her own mortgage of $748.44, all of which she is alleged to have assumed.

The complaint alleged the execution and maturity of the $800 Thomas mortgage; and prayed for judgment against all of the defendants except Covin for the amount of the note and for foreclosure of the mortgage.

The defendants Perry Moses, Jr., W. G. Moses, and H. J. Harby in their answer alleged the execution and maturity of the $1,387.50 Covin mortgage and the assignment to Harby of the interests of Rowland and Wells; they prayed for judgment against Covin and Lillie V. Padgett (the

liability of the latter being based upon her alleged assumption of all mortgages upon the lot) for the amount of the note and for foreclosure of their mortgage.

The defendant Lillie V. Padgett in her answer alleged that, some time in 1913, Walter A. Keenan and Edward T. Cato, doing business as the Keenan Real Estate Agency, approached her, and induced her to sell a tract of farm in Richland County at $40 per acre, in order to allow them to reinvest the proceeds of sale for her in city property; that she, relying on them as her agents, was induced to sell said farm lands, and to give said Keenan and Cato, as her agents, $2,000, the cash proceeds of said sale, to reinvest for her, and they reinvested it in purchasing the city lot mentioned in the complaint from Covin; that she did not know at the time of such investment that Keenan and Cato represented Covin as agent in selling to her said city lot, but afterwards ascertained such fact; that she was inexperienced in business matters, and did not know that she assumed or became bound to pay said mortgage indebtedness or anything more than the cash payment of $2,000, and was misled into making the purchase by the fraudulent misrepresentations of said agents in regard to said lot, and tendered a reconveyance of the lot to Covin; and denied other material allegations of the complaint.

The defendant L. S. Covin in his answer alleged that on the 20th day of August, 1913, he, through W. A. Keenan and E. T. Cato, who did business under the firm name of Keenan Real Estate Agency, as his agents to sell, sold the lot in question to the defendant Lillie V. Padgett, who paid him $2,000 cash, and gave him a fourth mortgage thereon for $748.44, and assumed the obligation to pay all the other and prior mortgage indebtedness on said lot, and that he transferred said fourth mortgage to W. W. Arthur, and has no further interest in the matter; he denies that any

misrepresentations were made to Lillie V. Padgett by Keenan and Cato which induced the sale, or that he was responsible for the same.

The defendant W. W. Arthur in his answer alleged the execution and maturity of the Covin mortgage of $784.44, its assignment to him, and prayed for judgment upon the note against both Covin and Mrs. Padgett, and for foreclosure of his mortgage.

The issues arising upon the answers of Lillie V. Padgett and L. S. Covin represent the main contest in this case. The Court is entirely satisfied with the correctness of the Circuit Judge's finding of fact and his conclusions of law. His decree will be reported.

The judgment of this Court is that the judgment of the Circuit Court be affirmed, and that this case be remanded to said Court for the purpose of such administrative changes in the decree as have been made necessary by the delay in this appeal.