**PAEPCKE et al. v. KIRKMAN et al.**

No. 6303.

Circuit Court of Appeals, Fifth Circuit.

Feb. 8, 1932.

W. A. Percy, Ernest Kellner, Jr., and D. S. Strauss, all of Greenville, Miss., for appellants.

Gerald FitzGerald, of Clarksdale, Miss., for appellees.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

This is an appeal from decrees canceling the claims of appellants to a tract of land formed by accretion, lying between the Mississippi shore line and the Mississippi river, as clouds upon the titles of appellants. Separate suits were brought, but they were consolidated for trial. Appellees are the undisputed owners of adjoining plantations up to the shore line, and as such also own the accretion land between the shore line and the river unless they have lost title by adverse possession. By consent of the parties, the cases were referred to a master to hear and determine the issues of fact and of law and report his conclusions to the court. The master found that the land in controversy contains 1,500 acres, being about three miles long and three-quarters of a mile in width; that it began to form east of the channel of the river about 1880, and became connected with the mainland by 1904, when there existed a narrow body of water one and a half miles long, which now disappears in dry seasons; and that those under whom appellants claim had continuously from 1903 to 1921 held adverse possession of the entire tract claiming under deeds which, though they conveyed no title, gave color of title. On exceptions, which challenged the sufficiency of the evidence to prove adverse possession, the district judge set aside the master's report on the grounds that it was based

on the erroneous conclusion that appellants could have constructive possession of any part of the land which appellees as the true owners at the same time held by constructive possession; and that the evidence, while it disclosed that some portions of the land might have been held in actual adverse possession long enough to deprive the true owners of their title, failed to identify any particular part of the land that had been so held, with the result that the claim of title by adverse possession must wholly fail.

The evidence before the master disclosed that houses had been built on the land, and that some of it had been cultivated for more than the ten years required by statute to confer title by adverse possession upon a person claiming to be the owner. Mississippi Code, § 2287. But it is true, as held by the court, that the evidence failed to identify any of the lands so held. It is not contended otherwise by appellants, but they insist that title to the whole tract was held adversely for more than ten years, some of it by cultivation, and the rest by the cutting of timber, and the building and maintenance of fences. It is not shown that timber in any considerable quantity was cut more than once, but in the other instances, it was taken as firewood near the parts that were cultivated, which have been variously estimated at from 150 to 300 acres of the 1,500-acre tract. There was also evidence that fences were built during the period in controversy, but it was not shown that they inclosed all the land or were maintained for the length of time required by the statute. We agree with the District Court that there was no substantial evidence to justify the finding of the master that there had been actual adverse possession for the statutory period of any definite or identifiable part of the land. This being so, the court acted within its right in setting aside the master's report, Kimberly v. Arms, 129 U. S. 512, 9 S. Ct. 355, 32 L. Ed. 764; Davis v. Schwartz, 155 U. S. 631, 15 S. Ct. 237, 39 L. Ed. 289, unless appellants are entitled to rely on the doctrine of constructive possession and claim all the land described in their deeds. As the land lies in Mississippi, the law of that state as to title must govern. The title to land formed by accretion is in the owner of the abutting shore. Archer v. Southern Ry. Co., 114 Miss. 403, 75 So. 251; Richardson v. Sims, 118 Miss. 728, 80 So. 4. Consequently, the title to the land here involved is in appellees, unless it has been divested by adverse possession. Such possession must be actual and cannot be extended by construction to the limits of a deed that calls for more land, where the true owner at the same time is in actual possession of any part of the entire tract of land and is claiming title to the whole. In that case, the right of the true owner to claim by constructive possession is exclusive and extends to all the land described in his deed. Railway Co. v. Buford, 73 Miss. 494, 19 So. 584; Hunnicutt v. Peyton, 102 U. S. 333, 26 L. Ed. 113.

The decrees are, and each of them is, affirmed.