## PARKER et al. v. INTERSTATE TRUST & BANKING CO. et al.

### No. 6314.

Circuit Court of Appeals, Fifth Circuit.

March 11, 1932.

Edwin T. Osteen, of West Palm Beach, Fla., for appellant.

Egbert Beall, Jos. D. Farish, F. T. Fancher, B. F. Paty, Chas. H. Warwick, Jr., R. T. Boozer, and J. Stockton Bryan, all of West Palm Beach, Fla., for appellees.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

The Interstate Trust & Banking Company brought its bill against Parker, the appellant, and other defendants to foreclose on lot No. 5, block 1 of West Palm Beach, an unpaid balance on a past-due mortgage. The bill alleged that Kline, one of the defendants, had in a deed which conveyed the lot to him assumed payment of this indebtedness; that Kline had conveyed one-half of the lot to Parker, who in the deed had assumed the entire indebtedness against the lot. That Kline and Parker had together deeded the lot to the defendant Fein, who had in turn assumed the indebtedness. The bill concluded with a prayer for foreclosure and sale, and for a deficiency decree against the defendants named in the bill, including Parker. Parker alone contested the right of plaintiff to a deficiency judgment. He specifically answered that he had never assumed or agreed to pay or become indebted or obligated to pay the indebtedness sued on. Thereupon the parties having filed a stipulation agreeing that it be done, the court granting the motion of plaintiff that the cause be referred to a master, ordered that "J. W. Salisbury be and he is hereby appointed special master, and he is hereby ordered and directed to take the testimony of the parties thereto, reducing the same to writing and reporting the same to this Court with all convenient speed, together with his find-

ings of law and of fact thereon. Further ordered that said Master be and he is hereby vested with all the usual and ordinary powers and the usual and ordinary authority vested in masters in similar cases."

At the hearings held under the order it was established, and the master so found, that Parker never knew of nor assented to the agreement of assumption which appears set out in the deed from Kline to him; that it was never intended nor agreed between them that Parker should become in any manner obligated on account of the lot in question, but that on the contrary it was distinctly understood that Parker was to be in no manner obligated on account thereof; that the agreement between him and Kline was that whereas they were on a deal to sell to Fein four lots which they jointly owned adjoining lot 5, and Kline had advised Parker that lot 5, which he had already bought, could be included in the deal, it was agreed that it should be so included without obligation of any kind on Parker on account of it, and that Parker, in joining in the deed, acted as a mere conduit to pass the title. It further established that there was no proof that Parker ever knew of or had his attention called to the assumption clause in the deed until plaintiff's demand in this suit, or that plaintiff or any one else had taken any action on the faith of that clause.

Upon this record the master found that Parker had never agreed to pay the debt sued on, and was not liable therefor, and recommended that no deficiency decree be allowed against him.

Plaintiff's sole exception to the report, "The report of the Master is contrary to the pleadings and the evidence, and the law applicable thereto" was by the district judge sustained. From the deficiency decree thereafter entered against Parker this appeal is prosecuted.

Appellant urges here that the judgment must be reversed (1) because the reference was by consent, and the master's findings conclusive; (2) because the undisputed facts established Parker's nonliability.

■ Upon the first point we are not disposed to extend the effect claimed for Kimberly v. Arms, 129 U. S. 512, 9 S. Ct. 355, 32 L. Ed. 764, cf. Davis v. Schwartz, 155 U. S. 631, 15 S. Ct. 237, 39 L. Ed. 289; Hattiesburg Lbr. Co. v. Herrick (C. C. A.) 212 F. 834, 835, that in a reference of a cause by consent instead of upon the order of the court, under ordinary chancery practice the findings of the master upon conflicting testimony are unassailable, to a case like this where the master, though the order was consented to was really the court's master by appointment, and not the parties' master by consent. Denver v. Denver Union Water Co., 246 U. S. 178, 38 S. Ct. 278, 62 L. Ed. 649. Even so, the findings of a master are entitled to great weight, and should not be disregarded unless clearly wrong (Paepcke v. Kirkman [C. C. A.] 55 F.(2d) 814), especially where testimony is taken orally before the master, and the judge acts only on the record. In re Slocum (C. C. A.) 22 F.(2d) 282, 285; In re Perel (D. C.) 51 F.(2d) 506; Baltic Cotton Co. v. U. S. A. (C. C. A.) 55 F.(2d) 568. In the state of this record, however, it is not important to appellant which view we take of the effect of the reference to the master, for under either view, and independently of the master's findings, the facts which are undisputed, or sustained by a great preponderance of evidence, compel the conclusion that Parker never contracted with Kline to assume the debt, and that therefore he is not liable to plaintiff, who in this suit asserts only the rights of Kline. Jones on Mortgages (8th Ed.) §§ 944–945; Crowell v. Hospital, 27 N. J. Eq. 650; Elliott v. Sackett, 108 U. S. 133, 2 S. Ct. 375, 27 L. Ed. 678; Drury v. Hayden, 111 U. S. 224, 4 S. Ct. 405, 28 L. Ed. 408; Bull v. Titsworth, 29 N. J. Eq. 73.

■ The trial court decided the case as though the suit against Parker was upon a writing executed by him in plaintiff's favor, and that nothing, especially dealings between Kline and Parker, could be received to contradict its terms. He also gave to the bare fact of the execution by Parker of the deed to Fein the effect of an estoppel against him to deny that he had accepted and agreed to the covenant of assumption contained in the deed to him. This was an erroneous view.

■ The law of this kind of case is plain. This is a suit upon a contract of assumption which it is claimed that Parker made with Kline in connection with the purchase of the property. Like any other contract charging liability, it must be proven. The question whether or not an assumption has occurred is in all cases one of fact to be established by evidence, for it is always competent to a purchaser under a deed with an assumption clause in it to deny the assumption. Jones on Mortgages (8th Ed.) Vol. 2, § 929; Hare v. Murphy, 60 Neb. 135, 82 N. W. 312; Rolston v. Markham, 36 Or. 112, 58 P. 1099; Sumter v. Moses, 116 S. C. 446, 107 S. E. 918. Evidence that the grantee in a deed containing an assumption clause accepted

794

and retained the deed may be of course offered as evidence that the assumption was in fact made, as may also evidence that the grantee in such deed has reconveyed the property, but these are only circumstances whose weight and effect upon the ultimate question of assumption vary in accordance with the other evidence in the case. For instance, it is held that the recording of a deed which imposes an obligation upon the grantee to assume and pay a pre-existing mortgage is not prima facie evidence of its delivery and acceptance, though the recording of a unilateral instrument, a deed containing no contract of assumption, may be. Jones on Mortgages (8th Ed.) § 940; Blass v. Terry, 156 N. Y. 122, 50 N. E. 953; Kellogg v. Cook, 18 Wash. 516, 52 P. 233. Even where acceptance may be implied from the delivery of a deed to a purchaser, and his retention of it, nothing else appearing, if the purchaser denies the acceptance, and it appears that the value of the property is very much less than the amount of the incumbrance, very clear proof of acceptance is required. Jones on Mortgages (8th Ed.) § 940; Stuart v. Hervey, 36 Neb. 1, 53 N. W. 1032; Rutland Sav. Bank v. White, 4 Kan. App. 435, 46 P. 29. While it is with substantial uniformity held that the execution of a conveyance by a grantee who acts only as a conduit of title does not show an acceptance of an assumption clause, although in his own deed to a subsequent grantee he inserts a similar clause. Jones on Mortgages (8th Ed.) § 940; Llewellyn v. Butler, 186 Mo. App. 525, 172 S. W. 413.

When in the light of these authorities it is borne in mind that this is a suit in equity in which plaintiff, to recover, must show a valid contract of assumption entered into between Kline and Parker, it is apparent that plaintiff's suit must fail, for without a single word of testimony to any agreement between plaintiff and Parker, or of any between Parker and Kline that Parker would assume the debt sued on, it presents an effort to enforce in equity as a right inherent in plaintiff, a claim maintainable alone through Kline, a claim which the evidence makes overwhelmingly clear that Kline never could, and cannot now, maintain. The evidence of Parker and Kline is all to that effect; there is no contrary evidence. The case which the undisputed evidence makes is that either by mistake or design, but in any event without the authority of Parker, Kline inserted in the deed to Parker a covenant of assumption which Parker never knew of, and never assented to, and that a few days after the deed to him had been

executed, still ignorant of the covenant in it, Parker, as a mere conduit, passed to Fein the title he had acquired. At no time, except in the act of conducting the title into Fein, did Parker assert any interest in or dominion over the property. At no time until the filing of this suit did he ever know or hear that it was claimed he had so agreed with Kline. When the matter came to light in the suit both he and Kline declared that no such agreement was ever made, and no one contradicted them. Under such circumstances, it cannot be for a moment contended that Kline can recover from Parker, no more, since plaintiff's rights against Parker are only those of Kline, may plaintiff do so.

The judgment is reversed, and the cause remanded, with directions to dismiss the bill in so far as it seeks to recover a deficiency decree against Parker.