MARKS *v.* MUIR.

1. MORTGAGES—ASSUMPTION—STRANGERS TO CONTRACT—GARNISHMENT.

Mortgagees suing mortgagor, as principal defendant, and grantee in deed in which assumption of mortgage clause was inserted, as garnishee defendant, are subject to any defense of garnishee against principal defendant since mortgagees are strangers to claimed contract of assumption.

2. SAME—ASSUMPTION CLAUSE MUST BE PROVEN.

Assumption clause in deed of premises subject to mortgage, like any other contract charging liability, must be proven.

3. SAME—ASSUMPTION A QUESTION OF FACT.

Whether or not an assumption of a mortgage has occurred is one of fact to be established by evidence, since it is competent for a purchaser under a deed with an assumption clause in it to deny the assumption.

4. DEEDS—ACCEPTANCE—EVIDENCE.

While acceptance of a deed may be implied from delivery to purchaser and his retention of it, nothing else appearing, if the purchaser denies the acceptance and it appears that the value of the property is much less than the incumbrances, very clear proof of acceptance is required.

5. MORTGAGES—ASSUMPTION—LACHES.

Grantee in deed containing assumption of mortgage clause, who knew nothing about its insertion or about recording of the deed and had nothing to do therewith and which was not even in his possession until mortgagees endeavored to hold him liable in action started in Federal court *held,* not liable, on ground of laches, as garnishee defendant on judgment against his grantor because he retained deed, where no rights of third parties have intervened.

6. SAME—ASSUMPTION—CONSENT—GARNISHMENT.
    Mortgagees *held,* not entitled to recover from mortgagor's
        grantee in garnishment proceedings where property was worth
        less than incumbrances, assumption of mortgage clause was in-
        serted without grantee's consent, and he did not know of its
        insertion until mortgagees endeavored to hold him liable by
        action in Federal court.

Appeal from Kent; Brown (William B.), J. Sub-
mitted June 18, 1937. (Docket No. 135, Calendar
No. 39,633.) Decided September 1, 1937.

Garnishment proceedings by Richard P. Marks
and Sam R. Marks against J. Keith Muir, principal
defendant, and Thomas G. Kindel, garnishee defend-
ant, on assumption clause in deed. From judgment
for garnishee defendant, plaintiffs appeal. Affirmed.

*Knappen, Uhl, Bryant & Snow,* for plaintiffs.

*Taggart & Kingston* and *Robert C. C. Heaney,* for
garnishee defendant.

CHANDLER, J. In September, 1925, the principal
defendant, J. Keith Muir, of Orlando, Florida, in-
terested a number of Grand Rapids men, including
Glendon A. Richards, Charles J. Kindel, father of
the garnishee defendant, and others, in a syndicate
for which Muir was to act as trustee for the purpose
of investing in Florida real estate, with the agree-
ment that said Muir was to receive 25 per cent. of
the profits and the other syndicate members were to
receive the other 75 per cent. in proportion to their
holdings, and the syndicate members agreed with
Muir to pay any purchase money mortgage or mort-
gages on lands that might be acquired by him and
conveyed at any time to any person, firm or corpora-

tion that should be named in written directions of any four of the unit holders in said syndicate.

A considerable amount of money was furnished Muir by the syndicate and various parcels of Florida real estate were purchased, in only one of which purchases we are interested.

The garnishee defendant was never a member of the syndicate and never had any financial interest therein.

In the early part of 1927, the Grand Rapids members of the syndicate became somewhat dissatisfied with the dealings of Mr. Muir, who at that time was requesting the syndicate to send more money, and it was decided that three of the members should go to Florida and make an investigation. The three selected were Mr. Richards, Mr. Wilmarth and Charles J. Kindel. Charles J. Kindel was unable to go and the garnishee defendant, Thomas G. Kindel, went in his place. The parties reached Florida about the 2d of March and the garnishee defendant audited the books of Muir, the other two members of the committee making some inquiries and investigations relative to Muir and the property acquired by him. It was found by the audit of the books and other investigations that Muir had over-charged the syndicate in his various purchases upwards of $15,000, and he at that time signed what is termed a confession that he had misapplied funds of the syndicate in that amount.

Several pieces of real estate which had been acquired by him were standing in his name and he agreed to convey the same to whomsoever the syndicate members should designate. It was contemplated at that time that a corporation might be formed to take over the holdings and continue the business and there was some discussion between the committee

and Mr. Muir relative to the latter conveying the property to Thomas G. Kindel, who in turn would convey it to whomsoever the syndicate members might name. Thomas G. Kindel was at this time an unmarried man, just past 21 years of age.

One of the purchases of real estate which had been made by Muir was three parcels of land consisting of about 15 acres, which was purchased by him from the plaintiffs in this case on April 19, 1926, the purchase price thereof being $18,500, $6,200 of which was paid to plaintiffs in cash and the balance secured by a mortgage on the property in question executed by Muir and his wife.

Two members of the committee, Mr. Richards and Mr. Wilmarth, while in Florida, consulted an attorney at Orlando by the name of W. B. Crawford, but Thomas G. Kindel did not employ or consult an attorney while there, nor did he see the attorney consulted by Wilmarth and Richards. No conveyances were made while these parties were in Florida.

Sometime after the return of the committee to Grand Rapids and in April, 1927, Mr. Swarthout, an attorney in Grand Rapids, who represented the syndicate, prepared a quitclaim deed conveying the property purchased of plaintiffs by Muir to the garnishee defendant. The deed was ordinary in form and contained no assumption clause of plaintiffs' mortgage. A carbon copy of this quitclaim deed was given to Thomas G. Kindel by Mr. Swarthout.

On April 15, 1927, four of the syndicate members, Mr. Wilmarth, Mr. VanAalderen, Mr. Richards and Mr. Charles J. Kindel, wrote a letter to Mr. and Mrs. J. Keith Muir of which the following is a copy:

"You are hereby authorized and directed to convey parcels 1, 2 and 3, described in declaration of

trust dated October 27, 1925, to Thomas G. Kindel of Kent county, Michigan, as per deed attached.''

This letter of instruction to the Muirs was forwarded by Thomas G. Kindel to attorney Crawford at Orlando, Florida, on April 16th, the copy of the letter to Mr. Crawford being as follows:

''Enclosed you will find signed instructions to the Muirs to convey the property which they are holding as trustee, for the 'Additional Acreage' to myself for the benefit of Home Acres.''

The deed was not executed by the Muirs until July 25, 1927, and Muir testified he did not know whether or not the assumption clause was in the deed when he signed it. Thomas G. Kindel left Grand Rapids in June, 1927, and attended school in Paris, France, from that time until some time in October, 1927, and knew nothing about any proceedings in this transaction subsequent to April, 1927, until some time in the year 1928.

It appears from the record that there was considerable correspondence between attorney Crawford of Orlando and one Fred B. Noble, an attorney at Jacksonville, Florida, who represented defendant Muir. Mr. Noble insisted that in the deed which had been forwarded for his client's signature there should be inserted a clause by which the grantee assumed the mortgage upon the property conveyed to which attorney Crawford finally consented. The letter of Mr. Crawford to Mr. Noble consenting bears date of June 13th, and states:

''If the Muirs insist on inserting a clause to the effect that the grantee assumes existing mortgages, you can make such insertion in each of the deeds, but as a matter of law, I think you will agree with us that:

"1.    The insertion of such a clause in a deed is not in any sense binding upon the grantee personally to pay said existing mortgages; and

"2.    If no assumption of mortgage clause is inserted in the deed, the grantee necessarily assumes the payment of the mortgages if he would enjoy his property unincumbered."

On September 17, 1927, Mr. Crawford wrote Mr. Richards at Grand Rapids stating, "Muir deeds received today and I am placing same on record." The record shows that sometime later the deed in question and other deeds were sent by Crawford to Richards, who without looking at the deeds, placed them in what he termed was the syndicate files, which were in a box that was kept in the vault in the offices of Mr. Charles J. Kindel.

Thomas G. Kindel testified that the first time that he ever saw the deed was after a suit was brought by these plaintiffs against all of the syndicate members and himself in the United States district court at Grand Rapids, at which time he was requested by attorney Swarthout to bring the syndicate files to his (Swarthout's) office. The Federal suit was brought in the latter part of the year 1928.

Defendant Kindel further testified that after taking these papers to the office of the attorney for the syndicate, he discovered the assumption clause in the conveyance made by Muir to himself. He claimed that he at once requested his attorney to repudiate the assumption clause.

The record discloses that the quitclaim deed given by defendant Muir to Thomas G. Kindel was all in typewriting excepting the signatures, and excepting the assumption clause therein which was in the handwriting of Fred B. Noble, attorney for Muir.

Thomas G. Kindel, on his trip to Florida in March, 1927, looked over the property in question with a view of determining the value thereof. He testified that he made inquiries of sales and purchases in that locality and that in his opinion the value of this property at that time did not exceed $3,750. Mr. Kindel further testified that he knew in a general way that there was a mortgage against the property in the approximate sum of $12,000 but did not know that the mortgage had been signed by defendant Muir.

One of the syndicate members, Mr. Richards, testified that he saw one of the plaintiffs at Jacksonville, Florida, on or about March 12, 1927, and that at that time he stated to Mr Marks "that we didn't intend to pay the mortgage unless there was a pretty substantial reduction." And further that he told Mr. Marks "We had already paid him more than the property was worth in our first payment."

In the Federal suit, hereinbefore referred to, the plaintiffs in the instant case were the plaintiffs there and the defendants were the syndicate members and the garnishee defendant in the instant case.

As far as Muir's connection with the syndicate was concerned, plaintiffs alleged in their declaration filed in the Federal case:

"That while the title to their said land was thus conveyed to said Muir and while said Muir signed the mortgage note and said Muir and his wife executed the purchase money mortgage, yet the fact is that said Muir received and held said title in a trust capacity, for the convenience and benefit of each of the syndicate members, defendants in this cause, and he executed said note and mortgage for and on behalf of said defendants so that the said purchase money obligation was and is and at all times has in fact been the obligation of said defendants."

It was also alleged that Kindel held the title to said property in the same capacity:

"That all of such conveyances to the said Thomas G. Kindel were for the benefit of said syndicate members, defendants herein, and said Kindel thereupon accepted and, so far as plaintiffs are advised, still holds the title to the lands formerly owned by plaintiffs, in a trust capacity, for his codefendants hereinbefore named and herein sued; * * * plaintiffs in this behalf show that the acceptance by said Kindel of said deed and the assumption by him of the mortgage due these plaintiffs was not an assumption of an obligation properly payable by the said Muir in his personal and individual capacity but, by reason of the aforesaid facts, was an assumption and recognition by said Kindel, acting for and in behalf of said syndicate group, of an obligation theretofore properly chargeable to and payable by said several defendants as joint adventurers dealing and speculating with said Orange County lands in the manner hereinbefore described."

The Federal suit was dismissed by the district court which action was affirmed on appeal. *Marks v. Kindel* (C. C. A.), 41 Fed. (2d) 584.

The present suit was started in the Kent county circuit court on January 24, 1935, by summons against the principal defendant and affidavit in garnishment filed in which Thomas G. Kindel was made garnishee defendant.

The plaintiffs obtained a judgment against the principal defendant on August 3, 1935, in the amount of $21,378.44.

The garnishee defendant filed his disclosure denying any liability to the principal defendant. Special interrogatories were filed and answers of the garnishee defendant to such interrogatories were also

filed, and finally after an examination of Thomas G. Kindel in open court, a demand was made by plaintiffs for a trial of the statutory issue, which resulted in a verdict for the garnishee defendant. A motion for a new trial was denied. Plaintiffs claim appeal from the judgment entered and from the order denying the motion for a new trial.

The court in this case has had the benefit of briefs carefully prepared by able counsel on both sides, and in the arguments as well as in the briefs, counsel have been most fair in indicating a sincere desire to assist this court in arriving at the correct conclusion.

The obligation on which plaintiffs seek to recover is on the claim that the garnishee defendant is liable to the principal defendant imposed by the clause in the deed executed by the principal defendant and his wife to the garnishee defendant, containing a clause whereby the grantee assumed and agreed to pay any existing mortgages of record on said premises. The garnishee defendant, by his disclosure and pleadings, raises four defenses. 1, That the assumption clause in said deed was inserted therein without his knowledge, consent or authority and that he never accepted said deed, having no knowledge of the assumption clause therein until plaintiffs asserted a claim against him and others in the Federal court. 2, That in the suit commenced in the Federal court, the plaintiffs elected their remedy so as to bar this action. 3, That the decision in the Federal court action is *res judicata* of plaintiffs' rights in this action. 4, That the obligation relied upon is barred by the statute of limitations. 5, That there is a lack of consideration.

It is claimed by the plaintiffs that this last mentioned defense was not pleaded and was raised for the first time in the argument before the trial court.

If the plaintiffs are entitled to recover in this action, it must be because of a valid contract of assumption entered into between the principal defendant and the garnishee defendant. The plaintiffs herein are strangers to the alleged obligation in the deed whereby it is claimed the garnishee defendant contracted with the principal defendant to assume and pay the mortgage debt against the premises conveyed by Muir to Kindel. If Muir could not enforce this obligation, then certainly the plaintiffs could not because their right of action is subject to the same defenses that might be made by defendant Kindel in an action brought by Muir to recover under the claimed contract existing between them, being the assumption clause in the deed in question.

We believe the law controlling the question involved is plain. The assumption clause in the deed in question, like any other contract charging liability, must be proven.

The question whether or not an assumption has occurred is in all cases one of fact to be established by evidence for it is always competent for a purchaser under a deed with an assumption clause in it to deny the assumption. 2 Jones on Mortgages (8th Ed.), § 928; *Hare* v. *Murphy,* 60 Neb. 135 (82 N. W. 312); *Parker* v. *Interstate Trust & Banking Co.* (C. C. A.), 56 Fed. (2d) 792; *Rolston* v. *Markham,* 36 Ore. 112 (58 Pac. 1099); *Sumter Trust Co.* v. *Moses,* 116 S. C. 446 (107 S. E. 918); *Frank* v. *Applebaum,* 270 Mich. 402.

In the instant case the garnishee defendant knew that the amount of plaintiff's mortgage was many times the value of the property which was to be deeded to him as a conduit from the principal defendant to such person, persons or corporation as the syndicate members might designate. The princi-

pal defendant in the execution of the deed of conveyance, was also acquainted with these facts. Both the grantor and the grantee in the deed in question well knew that an assumption clause in the deed to be given would not be beneficial to the grantee, but would impose upon him obligations far in excess of the value of the property conveyed. The garnishee defendant denies that he ever accepted the deed; denies that it was ever in his posssssion except when he took the syndicate files to the office of the attorney for the syndicate after the institution of the case in the Federal court. While it is true that acceptance of a deed may be implied from delivery to purchaser and his retention of it, nothing else appearing, if the purchaser denies the acceptance, and it appears that the value of the property is much less than the amount of the incumbrances, very clear proof of acceptance is required. 2 Jones on Mortgages (8th Ed.), § 940; *Rutland Savings Bank* v. *White,* 4 Kan. App. 435 (46 Pac. 29); *Stuart* v. *Hervey,* 36 Neb. 1 (53 N. W. 1032). See, also, *Higman* v. *Stewart,* 38 Mich. 513.

It is very clear from the record in this case, in fact counsel for plaintiffs concede in their brief, that the assumption clause was inserted in the deed without the knowledge or consent of the garnishee defendant. It is also very clear from the record that Mr. Kindel knew nothing about the recording of the deed and had nothing to do therewith, nor had the same in his possession until at or about the time of the institution of the Federal case.

Mr. Kindel cannot, under these circumstances, be held liable by reason of any laches on his part in retaining the deed. The plaintiffs knew from the time of the institution of the Federal case down to

the time of bringing the instant action that Thomas G. Kindel was denying liability under the assumption clause in the deed. Rights of third parties have not intervened.

It fairly appears that at no time until the plaintiffs commenced suit did Thomas G. Kindel ever know or hear that the assumption clause was in the deed from Muir to him, or that he ever knew or heard that it was claimed by Muir or anyone else that he had agreed with the grantor to assume and pay the mortgage held by the plaintiffs, and inasmuch as plaintiffs' rights against Kindel are only those of Muir, there can be no recovery in this action on the alleged contract by which Kindel assumed Muir's obligation to plaintiffs.

With this view of the case, we hold that there was no valid contract of assumption between the principal defendant and the garnishee defendant, and therefore find it unnecessary to discuss or determine any of the other questions raised by the defendant.

The case is affirmed, with costs to defendant Kindel.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and POTTER, JJ., concurred.